IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DARLENE ORTIZ,**

            **Plaintiff,**

**vs.**                                                    **Civ. No.  06-577 JH/RHS**

**JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY and AGENT
LEROY GALLEGOS,**

            **Defendant.**

## MEMORANDUM OPINION AND ORDER OF REMAND

This case comes before the Court on Plaintiff's *Memorandum Motion to Remand to State Court for Lack of Federal Jurisdiction and for Award of Costs and Fees* [Doc. No. 8], as well as *Defendant Gerald Leroy Gallegos' Motion to Dismiss and for Judgment on the Pleadings and Brief in Support* [Doc. No. 3]. The primary issue, common to both motions, is whether the Plaintiff, Darlene Ortiz ("Ortiz"), has fraudulently joined Defendant Gerald Leroy Gallegos ("Gallegos") to avoid federal court jurisdiction. Because the Court finds that Ortiz is able to state at least one cause of action against Gallegos for which relief may be granted under state law, Ortiz did not improperly join Gallegos as a defendant. Thus, there is not complete diversity between the parties, and the Court does not have jurisdiction to hear this case. The Court will grant Ortiz's motion to remand and, because the Court does not have jurisdiction over the case, will not decide the motion to dismiss the claims against Gallegos. However, Ortiz's request for an award of attorney's fees will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 7, 2006, Ortiz (a New Mexico citizen) filed her "Complaint for Breach of Contract"

against Defendants John Hancock Mutual Life Insurance Company ("John Hancock"), a foreign corporation, and Gallegos, a New Mexico citizen, in the Fourth Judicial District Court, San Miguel County, New Mexico. The complaint alleges that as an insurance agent, Gallegos sold Ortiz a John Hancock disability insurance policy in 1992. Complaint at ¶¶ 4-5. The complaint further alleges that John Hancock has wrongfully failed to pay Ortiz benefits under the policy. *Id.* at ¶¶ 6-20. Then, Ortiz alleges in conclusory fashion, with no supporting factual allegations, that Gallegos is liable for violations of unspecified sections of the New Mexico Insurance Code and the New Mexico Unfair Practices Act (Counts III and IV), as well as for negligence and negligent misrepresentation (Count V). *Id.* at ¶¶ 22, 27, and 30.

On June 29, 2006, Defendants removed the case to this Court, arguing that it has diversity jurisdiction under 28 U.S.C. § 1332. Defendants contend that Ortiz fraudulently joined Gallegos, a New Mexico resident, as a defendant in order to defeat complete diversity and to keep the case in state district court.[1] In his motion to dismiss filed June 30, 2006, Gallegos contends that the only real party in interest is John Hancock, and that the claims against him must be dismissed. On July 17, 2006, Ortiz filed her motion to remand to state court, arguing that Gallegos was properly joined and therefore this Court lacks jurisdiction over her claims. Both Gallegos and Ortiz have attached affidavits to their motions.

## **THE LAW GOVERNING REMOVAL AND FRAUDULENT JOINDER**

Federal court jurisdiction is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868 (1941). Where a case was originally filed in state district court, a presumption exists against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th

---

[1] It is undisputed that the amount in controversy exceeds $75,000.

Cir. 1995) (Kelly, J.), and the court must resolve all doubts against removal, *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing that removal was properly accomplished. *Martin*, 251 F.3d at 1290.

The party asserting the right to removal based upon fraudulent joinder bears an even heavier burden. "To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty." *Couch v. Astec Indus., Inc.*, 71 F. Supp. 2d 1145, 1146-47 (D.N.M. 1999) (Baldock, J., sitting by designation) (citing *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956)). The plaintiff need not ultimately succeed on a claim against the resident defendant to defeat removal jurisdiction; rather, the plaintiff must demonstrate only the possibility that a state court would find that the complaint states a valid cause of action. *Couch*, 71 F. Supp. 2d at 1147. As one court has phrased it:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (quotation omitted). *See also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir. 1992) ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.").

In cases where fraudulent joinder is claimed, the Tenth Circuit has directed courts to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted). In so doing, this Court must determine "whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant. A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Nerad v. Astrazeneca Pharmaceuticals, Inc.*, 2006 WL 2879057 at *2 (10th Cir. 2006) (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000)). Finally, the Court must remand the entire case if any one of the claims against the non-diverse defendant is possibly viable.

## DISCUSSION

Gallegos argues that Ortiz fraudulently joined him in this case in order to destroy complete diversity and therefore keep the case in state court. Gallegos relies in part on his uncontroverted affidavit, attached as Exhibit A to the Notice of Removal [Doc. No. 1], in which he avers that after he received the complaint, he called Ortiz to ask why she had sued him because he could not tell from the Complaint what she believed he had done wrong. According to Gallegos, Ortiz responded that she did not think that he had done anything wrong, but that her attorney advised her that Gallegos needed to be a party to the lawsuit so they could keep the case in state court. While the allegations in Gallegos' affidavit are disturbing, they do not advance his position because the subjective intentions of Ortiz and her counsel are irrelevant to a determination of fraudulent joinder. As explained above, provided that there is a possibility that a New Mexico court could find that Ortiz stated a cause of action against Gallegos, his joinder is not fraudulent under Tenth Circuit law. As long as Ortiz has a reasonable basis for her claims against Gallegos, she is free to assert those claims and thereby

4

pursue a strategy of litigating in state court.

There is no doubt that if the Court were reviewing this solely on the pleadings under the Rule 12(b)(6) standard in order to determine whether Ortiz has stated a claim for which relief may be granted, the complaint against Gallegos would be dismissed. However, the Tenth Circuit has instructed that where there has been a claim of fraudulent joinder, this Court must pierce the pleadings and look to the record as whole (including the affidavits on file) to determine not whether the plaintiff has failed to state a claim upon which relief may be granted, but whether there is any reasonable basis for a claim against Gallegos—a much lower standard. *Dodd v. Fawcett Publ'ns, Inc.*, 329 at 85; *Nerad*, 2006 WL 2879057 at *2. In addition, the Court must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of Ortiz. *Montano v. Allstate Indemnity*, 2000 WL 525592 at *1 (10th Cir. Apr. 14, 2000) (quoting *Hart*, 199 F.3d at 246).

Under this standard, the Court cannot conclude that there is no possibility that Ortiz will be able to establish a cause of action against Gallegos under New Mexico law. In her affidavit, Ortiz avers that Gallegos told her that (1) if she ever became disabled, John Hancock would pay her benefits, (2) she should never get rid of the policy because it was the best policy that he had ever seen, and (3) he would contact John Hancock and tell the company that it needed to pay her disability claim. *See* Ortiz Aff., Doc. No. 9, Ex. A. Ortiz contends that these were misrepresentations by Gallegos in light of the fact that she is allegedly disabled and yet John Hancock has failed to pay her benefits as promised. In her reply brief in support of her motion to remand [Doc. No. 16], Ortiz argues that these alleged actions by Gallegos support her claim that he violated Article 16 of the New Mexico Insurance Code regarding trade practices and frauds, NMSA 1978, § 59A-16-1 et seq. A

review of that statute reveals that it applies to agents such as Gallegos. *Id*. at § 59A-16-1 (1984). The statute prohibits so-called "twisting" by agents and others: "No person shall make or issue . . . any written or oral statement misrepresenting or making misleading comparison as to the terms, conditions, benefits or advantages of any policy for the purpose of inducing or attempting or tending to induce any other person to . . . retain . . . any policy." *Id*. at § 59A-16-6 (1984). In addition, the statute forbids "misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue" and "failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies." *Id*. at § § 59A-16-20(A) and (B) (1984). Construing Ortiz' affidavit in the light most favorable to her, the Court cannot conclude that she had no reasonable basis for a claim against Gallegos under these provisions of the New Mexico Insurance Code.

Ortiz also contends that Gallegos violated the New Mexico Unfair Practices Act, NMSA 1978, § 57-12-1 et seq. That statute prohibits deceptive trade practices, which include "representing that goods or services are of a particular standard, quality, or grade . . . if they are of another", *id*. at § 57-12-2(D)(7), as well as the "failure to deliver the quality or quantity of goods or services contracted for." *Id*. at § 57-12-2(D)(17). New Mexico's Uniform Jury Instructions indicate that these provisions apply with equal force to sellers of insurance, including insurance agents such as Gallegos. *See* NMRA 2006, UJI 13-1707 ("There was in force in this state, at the time of the [dealings] in this case, a law prohibiting a person selling insurance from engaging in unfair or deceptive trade practices. An unfair or deceptive trade practice is any false or misleading oral or written statement . . . which tends to or does deceive or mislead the policyholder."). In light of the foregoing and Ortiz' affidavit, the Court concludes that Ortiz has a reasonable basis for a claim

against Gallegos for violation of the New Mexico Unfair Practices Act.[2]

Because the Court concludes that there is a possibility that a New Mexico state court could conclude that Ortiz's complaint against Gallegos states a valid cause of action under New Mexico law, his joinder was not fraudulent. Therefore, there is not complete diversity among the parties, and this Court lacks subject matter jurisdiction. Accordingly, the motion to remand will be granted, and the Court is foreclosed from ruling upon the motion to dismiss.

Finally, Ortiz requests that the Court award her the attorney's fees she incurred as a result of Gallegos' improper removal of the case to federal court. The language of 28 U.S.C. § 1447(c) directs that the award of attorney's fees rests squarely within the discretion of the district court when a remand is ordered. *See* § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (emphasis added)). As the Tenth Circuit has recognized, "[i]n deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal. The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (internal citations omitted). On the other hand, attorney's fees may be denied where the defendant "had a fair basis for removing the case." *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994). In other words, a plaintiff is not automatically entitled to attorney's fees simply because removal was ultimately determined to be improper. *Martin v. Franklin Capital Corp.*,

---

[2] Ortiz also alleges that Gallegos is liable under New Mexico common law for negligence and negligent misrepresentation. Having found that Ortiz has a reasonable basis for her statutory claims against Gallegos, the Court need not reach the question of whether there is a reasonable basis for these common law claims.

7

393 F.3d 1143, 1147 (10th Cir. 2004).  Thus, "the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).  *Accord Martin*, 393 F.3d at 1148 (citing *Valdes*).

In this case, the Court declines to award Ortiz her attorney's fees because, at the time of removal, the Defendants had reasonable grounds to believe that the removal was proper.  As previously noted, the complaint was virtually bereft of factual allegations regarding Gallegos' alleged wrongdoing, relying almost entirely on legal conclusions.  Thus, the complaint provided Defendants with no reasonable basis to conclude that Ortiz had a viable legal claim against Gallegos. Furthermore, as demonstrated in his affidavit, Gallegos' conversations with Ortiz and her attorney prior to removal did nothing to clarify or substantiate the basis for her claims against Gallegos.  *See* Gallegos Aff., Doc. No. 1, Ex. A.  It was only after the removal and with the filing of Ortiz's affidavit that Ortiz set forth the factual allegations underlying her claims against Gallegos.  Under these circumstances, Ortiz is not entitled to recover attorney's fees.

**IT IS THEREFORE ORDERED** that Plaintiff's *Memorandum Motion to Remand to State Court for Lack of Federal Jurisdiction and for Award of Costs and Fees* [Doc. No. 8] is **GRANTED**, and this case is hereby **REMANDED** to the Fourth Judicial District Court, San Miguel County, New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**